## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

_____

SARANG GUPTA,

     Plaintiff,

v.                                          No. Civ. 12-1043 JH/RHS

E*TRADE BANK,

     Defendant.

### MEMORANDUM OPINION AND ORDER

On December 20, 2012, Defendant E*TRADE Bank filed a Motion for Dismissal (ECF No. 10).  The Court, having considered the motion, briefs, pleadings, relevant law, and otherwise being fully advised, concludes that the motion to dismiss should be denied.

## I.    FACTUAL BACKGROUND

Defendant E*TRADE Bank is "in the business of attempting to collect an alleged debt from Plaintiff regarding an account ending in 4439."  Compl. (ECF No. 1) ¶ 4.  Defendant did not have Plaintiff's prior, express consent to make any telephone calls to Plaintiff's cellular telephone ("cell phone") number using an automatic telephone dialing system.  *Id.* ¶ 14.  Prior to June 2012, Defendant began placing telephone calls to Plaintiff's cell phone number in an attempt to collect the alleged debt associated with the account.  *See id.* ¶ 5.  Plaintiff, through counsel, sent a letter dated June 20, 2012, to E*TRADE Securities, LLC, ("E*TRADE Securities") a company affiliated with Defendant.  *Id.* ¶ 6.  The letter informed E*TRADE Securities to "consider this letter express and unequivocal revocation of any permission our client may have provided you to call them" and directed E*TRADE Securities to "direct all future contact and correspondence to this office."  Compl., Ex. A (ECF No. 1-1) at 2 of 3.

E*TRADE Securities received Plaintiff's letter on June 25, 2012. Compl. (ECF No. 1) ¶ 7. E*TRADE Securities forwarded Plaintiff's letter to Defendant. *Id.* ¶ 8. During an August 7, 2012 conversation between Plaintiff and Defendant, Defendant admitted to Plaintiff that it did, in fact, have notice that Plaintiff was represented. *Id.* ¶ 9. Nevertheless, despite Plaintiff's revocation of any consent to call him, Defendant on several occasions placed non-emergency calls to Plaintiff's cell phone using an automatic dialing system and/or an artificial or pre-recorded voice, including, but not limited to, on July 31, 2012; August 1, 2012; August 14, 2012; and August 15, 2012. *See id.* ¶¶ 10-13.

On October 5, 2012, Plaintiff filed suit against Defendant for violations of 47 U.S.C. § 227(b)(1)(A)(iii). *Id.* ¶ 21. Defendant moved to dismiss Plaintiff's complaint for failure to state a claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et al.* Defendant argues that it is not liable because the TCPA does not recognize or permit a *subsequent* revocation of consent, particularly where Plaintiff informed a different company to stop contacting him. Defendant additionally contends that Plaintiff gave prior, express consent for the cell phone calls when he provided Defendant with his cell phone number. Plaintiff asserts that the allegations of the Complaint state a claim; Defendant bears the burden of proving that Plaintiff did not give his prior express consent, which is an affirmative defense; and Defendant has not met its burden on this issue.

## II.   STANDARD

I.        The Court can dismiss a complaint for Afailure to state a claim upon which relief can be granted.@ Fed. R. Civ. P. 12(b)(6). Plaintiff=s complaint must set forth factual allegations that Araise a right to relief above the speculative level.@ *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It is not enough for a plaintiff to just set forth labels, conclusions, and

formulaic recitation of the elements of a cause of action. *Id.*  When reviewing a plaintiff=s complaint in ruling on a Rule 12(b)(6) motion, the Court must accept all well-pleaded allegations as true. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  The Court must view the allegations in the light most favorable to the plaintiff.  *Id.*  The Court Awill disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.@  *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).  This plausibility standard does not require evidence of probability, Abut it asks for more than a sheer possibility that a defendant has acted unlawfully.@ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Reversible error may occur if a court considers matters outside the pleadings but fails to convert the motion to dismiss into a motion for summary judgment.  *See Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378, 1381 (10th Cir. 1998).  No conversion is required, however, when the court considers information that is subject to proper judicial notice or exhibits attached to the complaint, unless their authenticity is questioned.  *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

### III.    ANALYSIS

The TCPA provides:

It shall be unlawful for any person within the United States . . . to make any call (*other than a call* made for emergency purposes or *made with the prior express consent of the called party*) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

Defendant contends that it called "Plaintiff at his cell phone number that he provided regarding his alleged debt."  Def.'s Mot. (ECF No. 10) at 4.  Defendant relies on authority in

which the FCC and some courts have deemed the provision of a cell phone number to a creditor as part of a credit application as prior express consent by the cell phone subscriber for the creditor to contact him at the number regarding the debt.  *See, e.g., In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 559 (2008) (declaratory ruling) ("In this ruling, we clarify that autodialed and prerecorded message calls to wireless numbers *that are provided by the called party to a creditor* in connection with an existing debt are permissible as calls made with the 'prior express consent' of the called party.") (Emphasis added).  The problem for Defendant is that there are no allegations in the Complaint regarding whether Plaintiff provided Defendant with his cell phone number as part of the credit application or in some other manner.  This fact is not a matter the Court can assume or infer from the facts of Complaint, particularly where the Complaint expressly states that Plaintiff did not give prior, express consent to make telephone calls to his cellular telephone. It is conceivable that Defendant may have obtained Plaintiff's cell phone number from some means apart from Plaintiff voluntarily providing it to Defendant.  The Court thus concludes that Plaintiff sufficiently alleges that he did not give Defendant prior, express consent to make calls to his cell phone using an automatic telephone dialing system, and that nonetheless, Defendant placed calls to his cell phone using an automatic dialing system and/or an artificial or pre-recorded voice.  Plaintiff's allegations state a claim under the TCPA.

Defendant also failed to provide evidence to support its position, which the Court may consider if it wishes to convert the motion to dismiss to one for summary judgment.  It was Defendant's burden to do so in order to overcome Plaintiff's allegations.  *See id.* at 565 ("[W]e conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent. The creditors are in the best position to have records kept in the usual

4

course of business showing such consent, such as purchase agreements, sales slips, and credit applications.  Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent.") (internal footnote omitted).  *See also Grant v. Capital Mgmt. Servs., L.P.*, 449 Fed. Appx. 598, 600 n.1 (9th Cir. Sept. 2, 2011) (unpublished opinion) ("'[E]xpress consent' is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof."); *Breslow v. Wells Fargo Bank, N.A.*, 857 F.Supp.2d 1316, 1319 (S.D. Fla. 2012) ("It is undisputed that Wells Fargo placed multiple calls to the Cell Number, a cellular number, and that those calls were made using an automated telephone dialing system or a prerecorded voice. Therefore, absent a record showing of a valid defense, the undisputed facts would demonstrate that Wells Fargo violated the TCPA.").

Finally, the Court does not need to reach the issue at this time of whether Plaintiff can *subsequently* revoke consent under the TCPA, given that the Court concludes Plaintiff sufficiently alleges he did not give *prior* consent, which in itself is sufficient to state a claim. For all the foregoing reasons, the Court will deny Defendant's motion to dismiss.


**IT IS THEREFORE ORDERED** that Defendant E\*TRADE Bank's Motion for Dismissal (**ECF No. 10**) is **DENIED**.


_____
UNITED STATES DISTRICT JUDGE